[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR FURTHER RECTIFICATION AND/OR ARTICULATION DATED JUNE 19, 1991
The Plaintiff has requested that this Court further rectify and/or articulate its Memorandum of Decision filed October 29, 1990, and previously rectified/articulated on December 18, 1990, and May 30, 1991, with respect to the responsibility of each party concerning certain tax obligations hereinafter more particularly set forth.
Before addressing the particulars of this motion, the Court restates portions of findings that it has previously made, both in its original Memorandum of Decision and in response to various other motions for rectification and/or articulation.
1. "With the exception of those details listed in paragraphs a, b and c supra [not applicable here] each party shall be solely responsible for all details listed in his or her financial affidavit and shall hold the other party harmless in that regard" Memorandum of Decision dated October 25, 1990, p. 17.
2. "All title to and assets of Roberge Leasing, Horizon Associates, Lagana and Company, Bill Associates, Realty Network Inc., and Connecticut Homeowners Network, shall as between the parties belong solely to the Defendant who in turn shall be solely responsible for all liabilities including the Connecticut National Bank loan to Roberge Leasing and all state and federal taxes (emphasis added) and other obligations associated therewith. The Defendant shall hold the Plaintiff harmless with regard to all of the above liabilities and obligations" Transcript of December 18, 1990 Hearing. p. 4-5.
3. "The following was my intent: that the Defendant was to prepare all necessary tax forms, and in particular those in connection with Roberge Leasing, and that the Defendant was to pay any taxes due or in the event that any governmental tax agency was looking to the Plaintiff for payment concerning any of his various business enterprises, and in that regard I was considering in particular Roberge Leasing, that, the Defendant was to give the Plaintiff money to pay for it, or in any event to hold her harmless" Transcript of May 30, 1991 Hearing p. 5. CT Page 6991
4. "And if for some reason or other, Roberge Leasing owed a tax to somebody or other, if because he gave her 90% of the stock, the records would indicate that she should pay it, as far as I was concerned, he should reimburse her." Transcript of May 30, 1991 Hearing p. 8-9.
Previous pertinent findings of this Court having been restated, this Court will divide Plaintiff's Motion into three categories and will comment on each in turn:
A. Roberge Leasing Tax Obligations
 Roberge Leasing — long term capital gain $7,900.00 Roberge Leasing — taxable income $ 239.00 Roberge Leasing now passive income loss ($ 868.00) Roberge Leasing Miscellaneous income $8,713.00
After reviewing its previous findings concerning Roberge Leasing hereinbefore set forth, this Court concludes that it was abundantly clear, at least to it, that all tax obligations of Roberge Leasing, which would of course include those listed above, were to be the responsibility of the Defendant, and again so holds.
B. HORIZON ASSOCIATES TAX OBLIGATIONS
Horizon Associates — long term gain — $77,900
A rereading of this Court's previous holdings set forth in paragraphs 1, 2, 3, and 4 above, and in particular those stated in paragraph 2, wherein Horizon Associates was specifically mentioned, leads this Court to refine its original conclusion and to hold in particular that the above long term capital gain is the responsibility of the defendant.
C. John Mahon Tax Obligations
 John Mahon — Miscellaneous taxable income $7,000.00 John Mahon — interest income $ 525.00
This issue, which involves indirectly a business enterprise of Defendant, has not been previously addressed by this Court. John Mahon had purchased a condominium in Broadbrook, CT. from Horizon Associates. As he did not have the full purchase price, the Defendant and his partners took back notes instead of cash. Defendant's share of the Mahon debt was in the form of a note for $7000 from John Mahon to Plaintiff which was secured by a mortgage on the condominium. A release of this mortgage was executed by the Plaintiff on July 6, 1988, CT Page 6992 about a week before the parties separated. The $7000 tendered at that time was deposited in a joint account of the parties. At the time of the separation of the parties on July 15, 1988, Plaintiff withdrew relatively small sums of money from accounts in both Connecticut National Bank and Society for Savings. She also withdrew $15,000 from an I.R.A. What happened to the $7000 after that time is unclear. The record does indicate that the Plaintiff on three occasions prior to the execution of the mortgage release had consulted with an attorney.
This court is not persuaded that the evidence warrants a shift in accountability for the payment of any income tax resulting from the Mahon note and mortgage and holds that the Plaintiff mortgagee should bear such responsibility as may exist.
By the Court, John D. Brennan State Trial Referee